UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| COLIN ROSE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:06-cv-1504-SEB-JMS |
| | ) | |
| KEN CAREY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Discussing Motion for Summary Judgment

The defendants' motion for summary judgment is **granted.** The reason for this ruling is that the parties are in agreement that the plaintiff did not utilize available administrative remedies with respect to the claims now asserted against the defendants prior to filing this lawsuit, and that in failing to do so he failed to comply with the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), codified at 42 U.S.C. § 1997e(a), which requires that a prisoner exhaust her available administrative remedies before bringing a suit concerning prison conditions. *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.")(footnote omitted); *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the action should not have been brought and that it must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 08/22/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana